
SLIP OPINION

Cite as 2014 Ark. 81

# SUPREME COURT OF ARKANSAS

No. CR-89-234

| | |
|---|---|
| KYLE DUANE CHERRY **PETITIONER** | **Opinion Delivered** February 20, 2014 |
| V. | PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER PETITION FOR WRIT OF ERROR CORAM NOBIS [SHARP COUNTY CIRCUIT COURT, NO. 68CR-88-48] |
| STATE OF ARKANSAS **RESPONDENT** | HONORABLE HAROLD S. ERWIN, JUDGE |
| | PETITION DENIED. |

**PER CURIAM**

In 1989, petitioner Kyle Duane Cherry was found guilty by a jury in the Sharp County Circuit Court of first-degree murder and was sentenced as a habitual offender to life imprisonment. We affirmed. *Cherry v. State*, 302 Ark. 462, 791 S.W.2d 354 (1990).

Now before us is petitioner's pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis.[1] A petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam) (citing *Sparks v. State*, 2012 Ark. 464 (per curiam)); *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 849 (per curiam) (citing *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61).

---

[1]The petition is assigned the same docket number as the direct appeal from the judgment of conviction.

SLIP OPINION

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans*, 2013 Ark. 273 (citing *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam) (citing *Newman*, 2009 Ark. 539, 354 S.W.3d 61). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273 (citing *McDaniels v. State*, 2012 Ark. 465 (per curiam)). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

As grounds for the writ, petitioner asserts that the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 93 (1963). Specifically, petitioner argues that the State failed to disclose that three criminal charges filed in Missouri, which were presented by the State in support of petitioner's enhanced sentence as a habitual offender, were dismissed by the Missouri trial court while petitioner's appeal in the instant case was pending; that evidence of the dismissed charges would have been favorable to his sentencing; and that he was prejudiced as

SLIP OPINION

a result of the State's failure to disclose the dismissal of the Missouri charges.[2]

There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Watts v. State*, 2013 Ark. 485 (per curiam). Before reaching the three prongs of a *Brady* violation, however, it must first be determined that the allegedly withheld material was available to the State prior to trial and that the defense did not have access to it. *Cloird v. State*, 357 Ark. 446, 452, 182 S.W.3d 477, 480 (2004). In the instant case, petitioner acknowledges in his petition that the Missouri charges were not dismissed until four months after his trial, and, while he states in a conclusory fashion that the State either willfully or inadvertently failed to notify the court of the dismissal, he fails to present any evidence to support his assertion that the State knew or could have known that the Missouri charges would later be dismissed. As such, petitioner has failed to demonstrate facts that would implicate *Brady* such that a fundamental error extrinsic to the record occurred.

Finally, although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *McClure v. State*, 2013 Ark. 306 (per curiam). In the absence of valid delay, the petition will be denied. *Roberts v. State*, 2013 Ark. 56,

---

[2]A docket sheet from the Circuit Court of Oregon County, Missouri, appended to the petition, reflects that, on August 15, 1988, petitioner pled guilty to forgery and that, on November 6, 1989, the case was dismissed. While the docket sheet does not indicate the number of charges to which petitioner pled guilty, the judgment-and-commitment order filed in the Sharp County Circuit Court states that petitioner was sentenced as a habitual offender for having five prior felony convictions, and petitioner refers to three "Missouri convictions" in his petition. Petitioner further states in his petition that his habitual-offender status was also based on two felony convictions in Arkansas.

SLIP OPINION

___ S.W.3d ___. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay in bringing the petition. *Id.* The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Anderson v. State*, 2012 Ark. 270, ___ S.W.3d ___. Here, petitioner waited nearly twenty-three years after the dismissal of the Missouri charges before petitioning this court for relief. Even if petitioner had presented grounds sufficient to support issuance of the writ, his failure to act with due diligence, alone, would constitute good cause to the deny the petition.

Petition denied.

*Kyle Duane Cherry*, pro se petitioner.

No response.