SLIP OPINION

Cite as 2014 Ark. 246

# SUPREME COURT OF ARKANSAS

No. CR-02-228

| | | |
|---|---|---|
| JAMES E. SMITH | PETITIONER | **Opinion Delivered** May 22, 2014 |
| v. | | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS | RESPONDENT | [JEFFERSON COUNTY CIRCUIT COUNTY, NO. 35CR-99-724] |
| | | PETITION DISMISSED. |

## PER CURIAM

In 2001, petitioner James E. Smith was found guilty by a jury of two counts of rape for engaging in sexual intercourse with his girlfriend's daughters when they were both under the age of fourteen. Petitioner had taken the stand at trial and admitted that he had sex with the victims, but he contended that they were eighteen and twenty years old when the acts occurred and that both had consented. Petitioner was sentenced to a term of twenty years' imprisonment for each count to be served consecutively. The Arkansas Court of Appeals affirmed. *Smith v. State*, CR-02-228 (Ark. App. Jan. 8, 2003) (unpublished) (original docket no. CACR 02-228).

After the judgment was affirmed, petitioner sought postconviction relief in the trial court in a petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (2001). The petition was denied, and we affirmed the order. *Smith v. State*, CR-05-294 (Ark. Feb. 23, 2006) (unpublished per curiam).

In 2012, petitioner filed in this court a pro se petition approximately 200 pages in length

to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1] The petition was denied. *Smith v. State*, 2012 Ark. 403 (per curiam).

Now before us is petitioner's second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, which is also approximately 200 pages in length. In the petition, petitioner again repeats the claims for relief alleged in the first petition, albeit in somewhat different language, pertaining to inconsistent statements made by the victims. The State has filed a response in which it urges this court to deny relief on the basis that the second petition constitutes an abuse of the writ in that it reiterates claims already settled when this court denied the first petition.

We first note that a petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Henderson v. State*, 2014 Ark. 180 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Pitts v. State*, 2014 Ark. 132 (per curiam); *Martin v. State*, 2012 Ark. 44 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Camp v. State*, 2012 Ark. 226 (per curiam). To warrant a writ of error coram nobis, a petitioner has the burden of bringing forth some fact, extrinsic to the

---

[1] The petition was assigned the docket number for the direct appeal of the judgment of conviction.

SLIP OPINION

record, that was not known at the time of trial. *Cloird*, 2011 Ark. 303. Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Cherry v. State*, 2014 Ark. 81 (per curiam).

In the instant petition, petitioner raises some claims of trial error and argues that the evidence was insufficient to sustain the judgment, but the allegations primarily pertain to petitioner's claim that the victims were not truthful in their testimony at trial and in their statements to the police and that the inconsistencies in the victims' statements prove that he was innocent. He also contends, as he did in the original petition, that the prosecution withheld the statements of the victims from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), thereby denying the defense the opportunity to compare the statements with the police report concerning the offenses. Petitioner asserted in his first petition that he lied when he told the police, and later testified, that he had consensual sex with the victims after they had turned eighteen to hurt their mother. In the instant petition, he argues that he was actually innocent. Petitioner does not focus, as he did in the first petition, on the claim that the victims were not under the age of fourteen when the offenses occurred and that his sexual conduct with the victims occurred after their eighteenth birthdays. Instead, he contends that the victims were untruthful. The same hand-written statements by the victims that were appended to the first coram-nobis petition are appended to this latest petition.

As with the original petition, petitioner has not stated a ground for the writ. This court has previously recognized that a writ of error coram nobis was available to address errors found in only four categories: insanity at the time of trial, a coerced guilty plea, material evidence

SLIP OPINION

withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Philyaw v. State*, 2014 Ark. 130 (per curiam); *Camp*, 2012 Ark. 226. Allegations of a *Brady* violation fall within one of the four categories of error that this court has recognized. *Camp*, 2012 Ark. 226; *Hogue v. State*, 2011 Ark. 496 (per curiam). The fact that a petitioner alleges a *Brady* violation alone is not sufficient to provide a basis for error-coram-nobis relief. *Camp*, 2012 Ark. 226. Assuming that the alleged withheld evidence meets the requirements of a *Brady* violation and is both material and prejudicial, in order to justify issuance of the writ, the withheld material evidence must also be such as to have prevented rendition of the judgment had it been known at the time of trial. *Id.* To merit relief, a petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Id.* It is a petitioner's burden to show that the writ is warranted. *Scott v. State*, 2009 Ark. 437 (per curiam). This court will grant permission for a petitioner to proceed with a petition for writ of error coram nobis only when it appears that the proposed attack on the judgment is meritorious. *Hogue*, 2011 Ark. 496. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Charland v. State*, 2013 Ark. 452; *Goff v. State*, 2012 Ark. 68, 398 S.W.3d 896 (per curiam).

The evidence contemplated in *Brady* is "evidence material either to guilt or punishment." 373 U.S. at 87. The Court later defined the test for material evidence in the context of a *Brady* violation as being "whether there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would be different." *Strickler v. Greene*, 527

U.S. 263, 280 (1999); *see also Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227. To establish a *Brady* violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Larimore v. State*, 341 Ark. 397, 404, 17 S.W.3d 87, 91 (2000); *see Lee v. State*, 340 Ark. 504, 11 S.W.3d 553 (2000). This court has recognized that the withholding by the prosecution of material evidence is a ground for reinvesting jurisdiction in the trial court to consider a writ of error coram nobis. *See Buckley v. State*, 2010 Ark. 154, at 1 (per curiam).

The crux of petitioner's argument is that the victims gave inconsistent statements that would have cast doubt in the minds of the jurors as to whether he had engaged in sexual relations with the victims. The evidence adduced at trial against petitioner was overwhelming. Both victims testified that petitioner had sexual intercourse with them frequently when they were in elementary school, below the ages of twelve. Petitioner conceded in cross-examination at trial that he had engaged in sexual relations with the victims but only after each one seduced him within a two-week period when they were adults over the age of eighteen. It was the jury's task to assess the credibility of the witnesses. *See Laswell v. State*, 2012 Ark. 201, 404 S.W.3d 818. The significance of the inconsistent statements that petitioner alleges were hidden from the defense must be weighed against the totality of the evidence to determine if the statements at issue would have prevented rendition of the judgment had the existence of those documents been known at the time of trial. *Goff*, 2012 Ark. 68, 398 S.W.3d 896; *Sanders v. State*, 2011 Ark. 199 (per curiam). We consider the cumulative effect of the allegedly suppressed evidence to determine

whether the evidence that was alleged to have been suppressed was material to the guilt or punishment of the defendant. *Goff*, 2012 Ark. 68, 398 S.W.3d 896. Here, the victims' testimony was sufficient to establish that they had been raped at ages well below fourteen. While petitioner asserts that there were myriad inconsistencies between the victims' hand-written statements and their testimony at trial, petitioner has not shown any specific inconsistency between the statements and the testimony that was substantial enough to impeach the victims' testimony that they had been raped almost daily beginning at a very young age. Petitioner has not demonstrated a *Brady* violation that warrants issuance of a writ of error coram nobis.

As he did in the first petition, petitioner argues throughout his petition that the inconsistent statements of the victims rendered the evidence insufficient to sustain the judgment. The issue is not cognizable in a coram-nobis proceeding. *Philyaw v. State*, 2014 Ark. 130. The sufficiency of the evidence and the credibility of witnesses are matters to be addressed at trial. *Id.*

The petition before us also contains a number of assertions that amount to allegations of mere trial error. Such allegations by their very nature constitute issues known at the time of trial that were addressed, or could have been addressed, at that time. Such claims are not grounds for the writ. *Anderson v. State*, 2012 Ark. 270, 423 S.W.3d 20 (per curiam). This applies even to issues of trial error of constitutional dimension that could have been raised in the trial court. *Travis v. State*, 2014 Ark. 87 (per curiam).

After examining the claims raised in the petition, we conclude that petitioner's successive application for coram-nobis relief in this court is an abuse of the writ in that he alleges no fact

sufficient to distinguish his claims in the instant petition from the claims in the first. He did not establish in the first petition that there was any basis for the writ, and his reassertion of largely the same claims in the second petition is a misuse of the remedy. Accordingly, the petition is dismissed. *Rodgers v. State*, 2013 Ark. 294 (per curiam) ("[A] court has the discretion to determine whether the renewal of a petitioner's application for the writ, when there are additional facts presented in support of the same grounds, will be permitted."); *Jackson v. State*, 2010 Ark. 81 (per curiam) (citing *Jackson v. State*, 2009 Ark. 572 (per curiam)); *see also United States v. Camacho-Bordes*, 94 F.3d 1168 (8th Cir. 1996) (holding that res judicata did not apply to bar a second petition for writ of error coram nobis, but abuse-of-writ doctrine was applied to subsume res judicata).

Petition dismissed.

*James E. Smith*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.