SLIP OPINION

Cite as 2015 Ark. 188

# SUPREME COURT OF ARKANSAS

No. CR-02-228

| | |
|---|---|
| JAMES E. SMITH<br><br>    PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>    RESPONDENT | Opinion Delivered April 30, 2015<br><br>PRO SE THIRD PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-99-724]<br><br><br>PETITION DISMISSED. |

## PER CURIAM

In 2001, petitioner James E. Smith was found guilty by a jury of two counts of rape for engaging in sexual intercourse with his girlfriend's daughters when they were both under the age of fourteen. Petitioner testified at trial that he had sex with the victims, but he contended that they were eighteen and twenty years old when the acts occurred and that both had consented. Petitioner was sentenced to two consecutive terms of twenty years' imprisonment. The Arkansas Court of Appeals affirmed. *Smith v. State*, CR-02-228 (Ark. App. Jan. 8, 2003) (unpublished) (original docket no. CACR 02-228).

After the judgment was affirmed, petitioner sought postconviction relief in the trial court in a pro se petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (2001). The petition was denied, and we affirmed the order. *Smith v. State*, CR-05-294 (Ark. Feb. 23, 2006) (unpublished per curiam).

In 2012, petitioner filed in this court a pro se petition, approximately 200 pages in length,

SLIP OPINION

to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1]

The petition was denied. *Smith v. State*, 2012 Ark. 403 (per curiam).

In 2014, petitioner filed a second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, which was also approximately 200 pages in length. In the petition, petitioner repeated most of the claims for relief alleged in the first petition, albeit in somewhat different language, pertaining to inconsistent statements made by the victims. We dismissed the petition on the ground that it was a successive petition that repeated the allegations contained in the first such petition and lacked merit. *Smith v. State*, 2014 Ark. 246 (per curiam).

On March 12, 2015, petitioner filed his third coram-nobis petition that is now before us, which is also approximately 200 pages in length. Again, petitioner repeats the assertions contained in the first and second petitions, contends that the prosecution fabricated evidence, argues that the evidence against him was insufficient to sustain the judgment, and alleges that there were errors made by the trial court in the admission of evidence.

We first note that a petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Henderson v. State*, 2014 Ark. 180 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Pitts v. State*, 2014 Ark. 132 (per curiam); *Martin v. State*, 2012 Ark. 44 (per

---

[1]The petition was assigned the docket number for the direct appeal of the judgment of conviction.

SLIP OPINION

curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Camp v. State*, 2012 Ark. 226 (per curiam). To warrant a writ of error coram nobis, a petitioner has the burden of bringing forth some fact, extrinsic to the record, that was not known at the time of trial. *Cloird*, 2011 Ark. 303. Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Cherry v. State*, 2014 Ark. 81 (per curiam).

In the instant petition, petitioner raises some claims of trial error and argues that the evidence was insufficient to sustain the judgment, but the majority of the allegations rest on petitioner's claim that the victims were not truthful in their testimony at trial and in their statements to the police and that the inconsistencies in the victims' statements proves that he was innocent. He also contends, as he did in the original petition, that the prosecution withheld the statements of the victims from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), thereby denying the defense the opportunity to compare the statements to the police report concerning the offenses. The same handwritten statements by the victims that were appended to the first and second coram-nobis petition are appended to this latest petition.

As with the first and second petitions, petitioner has not stated a ground for the writ. This court has previously recognized that a writ of error coram nobis is available to address errors found in only four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time

SLIP OPINION

between conviction and appeal. *Philyaw v. State*, 2014 Ark. 130 (per curiam); *Camp*, 2012 Ark. 226. Allegations of a *Brady* violation fall within one of the four categories of error that this court has recognized. *Camp*, 2010 Ark. 226; *Hogue v. State*, 2011 Ark. 496 (per curiam). The fact that a petitioner alleges a *Brady* violation alone is not sufficient to provide a basis for error-coram-nobis relief. *Camp*, 2010 Ark. 226. Assuming that the alleged withheld evidence meets the requirements of a *Brady* violation and is both material and prejudicial, in order to justify issuance of the writ, the withheld material evidence must also be such as to have prevented rendition of the judgment had it been known at the time of trial. *Id.* To merit relief, a petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Id.* It is a petitioner's burden to show that the writ is warranted. *Scott v. State*, 2009 Ark. 437 (per curiam). This court will grant permission for a petitioner to proceed with a petition for writ of error coram nobis only when it appears that the proposed attack on the judgment is meritorious. *Hogue*, 2011 Ark. 496. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Charland v. State*, 2013 Ark. 452; *Goff v. State*, 2012 Ark. 68, 398 S.W.3d 896 (per curiam).

The evidence contemplated in *Brady* is "evidence material either to guilt or punishment." 373 U.S. at 87. The Court later defined the test for material evidence in the context of a *Brady* violation as being "whether there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would be different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999); *see also Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227. To establish a *Brady*

violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Larimore v. State*, 341 Ark. 397, 404, 17 S.W.3d 87, 91 (2000); *see Lee v. State*, 340 Ark. 504, 11 S.W.3d 553 (2000). This court has recognized that the withholding by the prosecution of material evidence is a ground for reinvesting jurisdiction in the trial court to consider a writ of error coram nobis. *See Buckley v. State*, 2010 Ark. 154, at 1 (per curiam).

We have already rejected petitioner's arguments concerning the victims' allegedly inconsistent statements. We further note, as we did when the prior petition based on the same claims was dismissed, that the evidence adduced at trial against petitioner was overwhelming. Both victims testified that petitioner had sexual intercourse with them frequently when they were in elementary school, below the ages of twelve. Petitioner conceded in cross-examination at trial that he had engaged in sexual relations with the victims but only after each one seduced him within a two-week period when they were adults over the age of eighteen. It was the jury's task to assess the credibility of the witnesses. *See Laswell v. State*, 2012 Ark. 201, 404 S.W.3d 818. The significance of the inconsistent statements that petitioner alleges were hidden from the defense must be weighed against the totality of the evidence to determine if the statements at issue would have been such as to have prevented rendition of the judgment had the existence of those documents been known at the time of trial. *Goff*, 2012 Ark. 68, 398 S.W.3d 896; *Sanders v. State*, 2011 Ark. 199 (per curiam). We consider the cumulative effect of the allegedly suppressed evidence to determine whether the evidence that was alleged to have been suppressed was

5

SLIP OPINION

material to the guilt or punishment of the defendant. *Goff*, 2012 Ark. 68, 398 S.W.3d 896. Here, the victims' testimony was sufficient to establish that they were raped at ages well below fourteen. While petitioner asserts repeatedly that there were myriad inconsistencies between the victims' handwritten statements and their testimony at trial, petitioner has not shown that any specific inconsistency between the statements and the testimony was substantial enough to undermine the victims' testimony such that the judgment of guilt would not have been rendered. Petitioner has not demonstrated a *Brady* violation that warrants issuance of a writ of error coram nobis.

As he did in the first and second petitions, petitioner argues throughout his petition that the inconsistent statements of the victims rendered the evidence insufficient to sustain the judgment. The issue is not cognizable in a coram-nobis proceeding. *Philyaw*, 2014 Ark. 130. The sufficiency of the evidence and the credibility of witnesses are matters to be addressed at trial. *Id.*

The petition before us also contains a number of assertions that amount to allegations of mere trial error. Such allegations by their very nature constitute issues known at the time of trial that were addressed, or could have been addressed, at that time. Such claims are not grounds for the writ. *Anderson v. State*, 2012 Ark. 270, 423 S.W.3d 30 (per curiam). This applies even to issues of trial error of constitutional dimension that could have been raised in the trial court. *Travis v. State*, 2014 Ark. 87 (per curiam).

After examining the claims raised in this third petition, we conclude that petitioner's successive application for coram-nobis relief in this court is an abuse of the writ in that he

alleges no fact sufficient to distinguish his claims in the instant petition from the claims in the first or second. He did not establish in the first or second petitions that there was any basis for the writ, and his reassertion of largely the same claims in the third petition is a misuse of the remedy. Accordingly, the petition is dismissed. *Rodgers v. State*, 2013 Ark. 294 (per curiam) ("[A] court has the discretion to determine whether the renewal of a petitioner's application for the writ, when there are additional facts presented in support of the same grounds, will be permitted."); *Jackson v. State*, 2010 Ark. 81 (per curiam) (citing *Jackson v. State*, 2009 Ark. 572 (per curiam)); *see also United States v. Camacho-Bordes*, 94 F.3d 1168 (8th Cir. 1996) (res judicata did not apply to bar a second petition for writ of error coram nobis, but abuse-of-writ doctrine was applied to subsume res judicata).

Petition dismissed.