

# SUPREME COURT OF ARKANSAS.

**No.** CR–00–645

| | |
|---|---|
| WILLIE HUTCHERSON<br>PETITIONER | **Opinion Delivered** February 18, 2016 |
| V. | PRO SE THIRD PETITION TO REINVEST JURISDICTION IN THE TRIAL COUT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS | |
| RESPONDENT | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-99-1834] |
| | <u>PETITION DISMISSED</u>. |

## PER CURIAM

In 2000, Willie Hutcherson was found guilty by a jury of four counts of aggravated robbery, three counts of misdemeanor theft of property, and one count of felony theft of property. Hutcherson was sentenced as a habitual offender to an aggregate term of 2880 months' imprisonment. The Arkansas Court of Appeals affirmed. *Hutcherson v. State*, 74 Ark. App. 72, 47 S.W.3d 267 (2001).

In 2008, Hutcherson filed in this court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The principal claim in the petition pertained to the statements of two police officers. The petition for leave to proceed in the trial court was necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. In making such a determination, we look to the reasonableness of the allegations in the petition and to the

existence of the probability of truth thereof. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. We denied the petition because it did not state a ground for the writ. *Hutcherson v. State*, CR-00-645 (Ark. Jan. 15, 2009) (unpublished per curiam) (original docket no. CACR 00-645).

In 2015, Hutcherson filed a second coram-nobis petition. He alleged that material evidence was withheld from the defense by the deputy prosecutor and that she and his attorney had engaged in misconduct in their handling of the evidence. The evidence alleged

to have been kept from the defense again consisted of the statements of the two police officers. We declined to grant the petition because Hutcherson admitted in the petition that the officers' statements had been obtained by the defense during the pretrial discovery process. Accordingly, the statements were not hidden from the defense and extrinsic to the record. *Hutcherson v. State*, CR-00-645 (Ark. Jan. 15, 2009) (unpublished per curiam). Inasmuch as Hutcherson's allegations in the second petition also concerned the officers' statements, and there was no claim that the statements were extrinsic to the record, the second petition was also denied. *Hutcherson v. State*, 2015 Ark. 231 (per curiam).

Now before us is Hutcherson's third coram-nobis petition. As he did in the first two petitions filed in this court, Hutcherson focuses his grounds for the writ on two officers' statements that were known to him before his trial was conducted. As stated, we declined to grant either of the first two petitions because Hutcherson admitted that the statements were available to the defense before trial. He now argues that the deputy prosecutor, his attorney, and the trial judge were part of a "premeditated plan to intentionally misrepresent" him by not handling the statements properly. He states that he obtained the statements from the discovery material and that he passed the statements along to his attorney who gave the statements to the deputy prosecutor rather than to the judge. He contends that the deputy prosecutor failed to abide by the State's duty to conduct on-going discovery and that the deputy prosecutor's misconduct with respect to the statements amounted to a violation of due process and his civil rights.

After examining the claims raised in this third petition, we conclude that petitioner's successive application for coram-nobis relief in this court is an abuse of the writ because,

while he changed some of the wording in this petition, he alleges no fact sufficient to distinguish his claims in the instant petition from the claims in the first or second. He did not establish that there was any basis for the writ in either the first or second petitions, and his reassertion of largely the same claims in the third petition is a misuse of the remedy. Accordingly, the petition is dismissed. *Smith v. State*, 2015 Ark. 188, 461 S.W.3d 345 (per curiam); *Rodgers v. State*, 2013 Ark. 294 (per curiam) ("[A] court has the discretion to determine whether the renewal of a petitioner's application for the writ, when there are additional facts presented in support of the same grounds, will be permitted."); *Jackson v. State*, 2010 Ark. 81 (per curiam) (citing *Jackson v. State*, 2009 Ark. 572 (per curiam)); *see also United States v. Camacho-Bordes*, 94 F.3d 1168 (8th Cir. 1996) (res judicata did not apply to bar a second petition for writ of error coram nobis, but abuse–of–writ doctrine was applied to subsume res judicata).

Petition dismissed.