# SUPREME COURT OF ARKANSAS.
## No. CR-02-228

| | | |
|---|---|---|
| JAMES E. SMITH | | **Opinion Delivered** May 5, 2016 |
| | PETITIONER | PRO SE PETITION TO REINVEST JURISDICITON IN THE TRIAL |
| V. | | COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM |
| | | NOBIS; PRO SE MOTION |
| STATE OF ARKANSAS | | FOR APPOINTMENT OF COUNSEL [JEFFERSON COUNTY CIRCUIT |
| | RESPONDENT | COURT, NO. 35CR-99-724] |
| | | |
| | | PETITION DENIED; MOTION FOR APPOINTMENT OF COUNSEL MOOT. |

## PER CURIAM

Petitioner James E. Smith was found guilty by a jury of two counts of rape for engaging in sexual intercourse with his girlfriend's daughters when they were both under the age of fourteen. He was sentenced to two consecutive terms of twenty years' imprisonment. His convictions and sentences were affirmed by the Arkansas Court of Appeals. *Smith v. State*, CR–02–228 (Ark. App. Jan. 8, 2003) (unpublished) (original docket no. CACR 02-228). Smith subsequently filed a petition pursuant to Rule 37.1 in the trial court. The petition was denied, and we affirmed that order. *Smith v. State*, CR–05–294 (Ark. Feb. 23, 2006) (unpublished per curiam).

In 2012, Smith filed in this court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, which was denied. *Smith v. State*, 2012 Ark. 403 (per curiam). In 2014, petitioner filed a second petition seeking coram nobis

relief, and it was dismissed as a successive petition. *Smith v. State*, 2014 Ark. 246 (per curiam). On March 15, 2015, Smith filed a third petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, which was also dismissed as successive. *Smith v. State*, 2015 Ark. 188, 461 S.W.3d 345 (per curiam). Smith's first three petitions challenged his convictions on the basis that the two victims had made inconsistent statements, the trial court erroneously admitted evidence, the prosecution fabricated evidence, and the evidence was insufficient to sustain the conviction.

Now before this court is Smith's fourth pro se application to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Smith raises allegations not raised in the first three petitions, contending that his judgment of conviction was illegally rendered by a trial court that lacked subject-matter jurisdiction due to an invalid arrest warrant and an insufficient information. Smith contends that the arrest warrant was invalid because it was not signed by the court and asserts that the criminal information was insufficient because it was not signed by the prosecutor or filed by the circuit clerk. Smith also argues that his counsel conspired with the prosecutor and the trial court to conceal these deficiencies because the trial court had been deprived of subject-matter jurisdiction. Smith has also filed a motion for appointment of counsel. For the reasons stated below, Smith's new allegations fail to raise claims that are cognizable in an error coram nobis proceeding and are otherwise wholly without merit. Because the petition is without merit, Smith's motion for appointment of counsel is moot.

We first note that a petition filed in this court for leave to proceed in the trial court where the judgment was entered is necessary because the trial court can entertain a petition

for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Roberts v. State*, 2013 Ark. 56, at 11, 425 S.W.3d 771, 778. A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Howard v. State*, 2012 Ark. 177, at 4, 403 S.W.3d 38, 42–43. Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.*

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.* The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* We have held that a writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*

Smith does not raise allegations sufficient to establish the existence of some fact extrinsic to the record because any defects in the arrest warrant or in the criminal information could have been discovered and raised in the trial court. *Allen*, 2014 Ark. 368, at 2, 440 S.W.3d at 330–31. Claims that a petitioner either could have known, or knew, at the time of trial do not provide grounds for issuance of a writ of error coram nobis.

*Rodgers v. State*, 2013 Ark. 294, at 3 (per curiam); *see also Howard v. State*, 2012 Ark. 177, at 21, 403 S.W.3d 38, 51.

Furthermore, the contention that the trial court's alleged lack of subject-matter jurisdiction was deliberately concealed from Smith has no evidentiary support and is otherwise without merit. A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and trial error does not deprive a court of jurisdiction. *Henderson v. White*, 2011 Ark. 361, at 2–3 (per curiam). An alleged error in an amended information would not take away the trial court's personal or subject-matter jurisdiction. *Moore v. Hobbs*, 2010 Ark. 380, at 2 (per curiam). A court with personal and subject-matter jurisdiction over the defendant in a criminal proceeding has authority to render judgment. *Id.* We have held that an information is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, the court and county where the alleged offense was committed, and if it set forth the principal language of the statute and the asserted facts constituting the offense. *Sawyer v. State*, 327 Ark. 421, 423, 938 S.W.2d 843, 844-45 (1997). Smith's allegations fail to demonstrate that the information was deficient. Nevertheless, even if the information were insufficient, the subject-matter jurisdiction of the trial court would not be implicated when the sufficiency of the information is questioned. *Id.*

Likewise, an illegal arrest, without more, has never been viewed as either a bar to subsequent prosecution or an absolute argument against a valid conviction. *Biggers v. State*, 317 Ark. 414, 420–21, 878 S.W.2d 717, 720 (1994). An invalid arrest may call for the suppression of a confession or other evidence, but it does not entitle a defendant to be

discharged from responsibility for the offense. *Id.* (citing *O'Riordan v. State*, 281 Ark. 424, 426, 665 S.W.2d 255 (1984)). This court has made clear that the trial court's jurisdiction to try an accused does not depend upon the validity of the arrest of the accused and does not, standing alone, vitiate a valid conviction. *Chestang v. State*, 2015 Ark. 372, at 3 (per curiam).

Smith's allegations of an invalid arrest warrant and insufficient information are not cognizable in a coram-nobis proceeding because the alleged deficiencies were not extrinsic to the record and could have been discovered at trial. Smith fails to establish that such deficiencies would have prevented the rendition of the judgment.

Petition denied. Motion for Appointment of Counsel Moot.