Cite as 2019 Ark. 268

# SUPREME COURT OF ARKANSAS
**No.** CR–02–228

| | |
|---|---|
| JAMES E. SMITH <br><br> PETITIONER <br><br> V. <br><br> STATE OF ARKANSAS <br><br> RESPONDENT | **Opinion Delivered** October 10, 2019 <br><br><br> PRO SE SEVENTH PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION TO REBUT THE STATE'S RESPONSE [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-99-724] <br><br> <u>PETITION DENIED; MOTION MOOT</u>. |

**KAREN R. BAKER, Associate Justice**

Pending before this court is petitioner James E. Smith's pro se seventh petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Also pending before this court is Smith's motion to rebut the State's response to his petition. Because Smith has failed to raise claims that are cognizable in coram nobis proceedings, we deny the petition, which renders the motion moot.

In 2001, a jury found Smith guilty of two counts of rape for engaging in sexual intercourse or deviate sexual activity with his girlfriend's two daughters who were both under the age of fourteen when the sexual abuse occurred. In his seventh petition, Smith raises new allegations that his trial counsel was ineffective and conflicted, failed to conduct an adequate investigation, and intentionally withheld evidence that the two victims and

their mother had a motive to fabricate rape accusations.[1] Because the proposed claims Smith raised in his seventh petition are based on allegations that are not cognizable in coram nobis proceedings, we deny his seventh petition to reinvest jurisdiction in the trial court.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. A writ of error coram nobis is an extraordinarily rare remedy. *Id*. Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id*.; *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id*.

---

[1]Smith's first three pro se petitions to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis challenged his convictions on the basis that the two victims had made inconsistent statements, the trial court erroneously admitted evidence, the prosecution fabricated evidence, and the evidence was insufficient to sustain the conviction. Smith's first petition was denied, and his second and third petitions were dismissed as successive. *Smith v. State*, 2012 Ark. 403 (per curiam); *Smith v. State*, 2014 Ark. 246, 456 S.W.3d 731 (per curiam); *Smith v. State*, 2015 Ark. 188, 461 S.W.3d 345 (per curiam). In Smith's fourth petition to reinvest jurisdiction for error coram nobis relief, he alledged that his convictions were based on an invalid arrest warrant and an invalid information. The petition was denied. *Smith v. State*, 2016 Ark. 201, 491 S.W.3d 463 (per curiam). This court dismissed Smith's fifth petition on August 3, 2017, without written opinion. In Smith's sixth petition to reinvest jurisdiction for coram nobis relief, he challenged the validity of his signed *Miranda* form and contended that the investigator gave false testimony regarding the date that the form had been signed. That petition was also denied. *Smith v. State*, 2018 Ark. 37.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id*.; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

It is well settled that ineffective-assistance-of-counsel claims are not cognizable in error coram nobis proceedings. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774. Coram nobis proceedings are not to be used as a substitute for raising claims of ineffective assistance of counsel under Arkansas Rule of Criminal Procedure 37.1 and are not interchangeable with proceedings under the Rule, which is the remedy in Arkansas for asserting allegations of ineffective assistance of counsel. *Id*. The writ is not available when a mistake or error of law is made by trial counsel. *Id*. Likewise, Smith's claim that counsel was operating under a conflict of interest constitutes an ineffective-assistance-of-counsel claim, which is outside the purview of coram nobis proceedings. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852.

Smith attempts to use a coram nobis proceeding to raise new claims of ineffective assistance of counsel and to reassert a conflict-of-interest claim, both of which were either raised and rejected or should have been raised in a previous Rule 37.1 proceeding. As with his first six petitions, Smith has again asserted claims that are not cognizable in a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.

Petition denied; motion moot.