Cite as 2020 Ark. 296

# SUPREME COURT OF ARKANSAS
No. CR-02-228

| | |
|---|---|
| JAMES E. SMITH<br><div align="right">PETITIONER</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">RESPONDENT</div> | **Opinion Delivered** October 1, 2020<br><br>PRO SE EIGHTH PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; MOTION TO EXECUTE SUBPOENA DUCES TECUM [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-99-724]<br><br><u>PETITION AND MOTION DENIED</u>. |

**KAREN R. BAKER, Associate Justice**

Pending before this court is petitioner James E. Smith's pro se eighth petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Because Smith has failed to raise claims that are cognizable in coram nobis proceedings, we deny both the petition and the motion to execute subpoena duces tecum that he subsequently filed.

In 2001, a jury found Smith guilty of two counts of rape for engaging in sexual intercourse or deviate sexual activity with two victims, daughters of his longtime girlfriend who were both under the age of fourteen. Smith was sentenced to two consecutive twenty-year terms of imprisonment. The Arkansas Court of Appeals affirmed his convictions and sentences. *Smith v. State*, CACR-02-228 (Ark. App. Jan. 8, 2003) (unpublished opinion). In

this pro se eighth petition, Smith contends that he "unknowingly" suffered from posttraumatic stress disorder (PTSD) that caused him to suffer from amnesia, and in suffering from amnesia, he did not recall a 1993 medical report stating that the older of the two victims was a virgin.[1] Specifically, Smith claims that because the victim was a virgin in 1993, he could not have raped her in 1991, and had it not been for his amnesia, he would have revealed the medical exam and report to his trial counsel at the time of trial in 2001, which would have exonerated him and changed the outcome of his trial. Smith further contends that the other victim, the sister, lied and testified merely to corroborate her sister's allegations from 1991 and that he did not rape the other victim in 1993. Because the proposed claims raised by Smith in his eighth petition are based on allegations that are not cognizable in coram nobis proceedings, we deny his petition to reinvest jurisdiction in the trial court.[2]

---

[1]Smith contends the victim was seen at the emergency room for back pain and was diagnosed with "borderline sickle cell anemia." During that visit, a physician allegedly also noted the victim was a virgin.

[2]Smith's first three pro se petitions to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis challenged his convictions on the basis that the two victims had made inconsistent statements, the trial court erroneously admitted evidence, the prosecution fabricated evidence, and the evidence was insufficient to sustain the convictions. Smith's first petition was denied. *Smith v. State*, 2012 Ark. 403 (per curiam). The second and third petitions were dismissed as successive. *Smith v. State*, 2015 Ark. 188, 461 S.W.3d 345 (per curiam); *Smith v. State*, 2014 Ark. 246, 456 S.W.3d 731 (per curiam). In Smith's fourth petition to reinvest, he claimed that his convictions were based on an invalid arrest warrant and an invalid information, and the petition was denied. *Smith v. State*, 2016 Ark. 201, 491 S.W.3d 463 (per curiam). Smith's fifth petition was dismissed by this court without written opinion on August 3, 2017. Regarding his sixth petition to reinvest jurisdiction, Smith challenged the validity of his signed *Miranda* waiver

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal.

---

and contended the investigator gave false testimony regarding the date the form had been signed. The petition was denied. *Smith v. State*, 2018 Ark. 37. In his seventh petition, Smith raised new allegations that his trial counsel was ineffective and conflicted, failed to conduct an adequate investigation, and intentionally withheld evidence that the two victims and their mother had a motive to fabricate the rape accusations. This court denied the petition. *Smith v. State*, 2019 Ark. 268, 585 S.W.3d 151.

*Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *Henington v. State*, 2020 Ark. 11, 590 S.W.3d 736.

Smith makes a conclusory claim that, as a result of his mental defect, he was incompetent to stand trial. However, the crux of his claim is not based on insanity at the time of trial but rather that he could not recall at the time of trial in 2001 that a medical report existed in 1993. In not being able to recall this medical report, Smith contends he was unable to share this information with his trial counsel, which clearly would have exonerated him. In fact, his only assertion is that he was unable to recall this information from 1993, until sometime—which he fails to specifically reveal—recently. Nevertheless, not every manifestation of mental illness demonstrates incompetence to stand trial. *Gordon v. State*, 2019 Ark. 344, 588 S.W.3d 342. Smith makes no assertion that there was any evidence of his incompetence regarding a mental disease or defect extrinsic to the record, hidden from the defense, or unknown at the time of trial. *See id.*; *see also Wooten v. State*, 2018 Ark. 198, 547 S.W.3d 683. When claiming insanity at the time of trial, the burden is on the petitioner who claims a history of mental defect or illness to make a full disclosure of specific facts relied upon as the basis for the writ. *See Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004). The only information Smith has presented is his own self-serving

4

statement of his mental state at the time of trial.[3] *Wooten*, 2018 Ark. 198, 547 S.W.3d 683. Smith falls short of meeting his burden of disclosing a fact extrinsic to the record on which a writ of error coram nobis should issue.

Smith's contention that he has suffered with amnesia for approximately twenty years does not fall into any of the categories recognized for coram nobis relief. *See Howard*, 2012 Ark. 177, 403 S.W.3d 38. Moreover, his claims of actual innocence are not recognized claims for coram nobis relief. *Jones v. State*, 2019 Ark. 300, 585 S.W.3d 677 (Claim of actual innocence does not fall within one of the four categories recognized for coram nobis relief.).

To the extent Smith challenges the second victim's testimony because the State relied on both of the victims' credibility and the victim lied to corroborate her sister, Smith again fails to establish he is entitled to coram nobis relief. Claims that attack the sufficiency of the evidence or the credibility of witnesses constitute a direct attack on the judgment and are not within the purview of a coram nobis proceeding.[4] *Swanigan v. State*, 2019 Ark. 294, 586 S.W.3d 137. Smith, as with his first seven petitions, has again asserted claims that

---

[3]Smith provides no medical information regarding his claims of PTSD and amnesia. He contends that his arrest in 1999 caused him to "unknowingly" suffer PTSD and that amnesia caused him to not remember certain facts and evidence.

[4]In his motion to execute subpoena duces tecum, Smith asks this court to subpoena the first victim's 1993 medical records. Smith's claim—and the evidence he requests to support that claim—is nothing short of an attack on the sufficiency of the evidence and the credibility of the witness, and those claims are not within the purview of a coram nobis proceeding. *See Estrada v. State*, 2011 Ark. 3, 376 S.W.3d 395 (Our case law has consistently held that the testimony of a rape victim alone can sustain a conviction for rape and that credibility issues are left for the jury to resolve.); *see also Rogers v. State*, 2018 Ark. 309, 558 S.W.3d 833.

are not cognizable in a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.

Petition and motion denied.

*James E. Smith*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for respondent.