2015 Ark. 323

**Abraham GRANT, Petitioner**

v.

**STATE of Arkansas, Respondent.**

**No. CR-03-1181**

Supreme Court of Arkansas.

Opinion Delivered September 17, 2015

PER CURIAM

┴₁In 2003, petitioner Abraham Grant was found guilty by a jury of capital murder and battery in the first degree. An aggregate sentence of life imprisonment without parole was imposed. We affirmed. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004).

In 2007, Grant filed in the trial court a petition for postconviction relief that was denied, and he appealed to this court. We dismissed the appeal. *Grant v. State*, CR–07–784, 2008 WL 616056 (Ark. Feb. 7, 2008) (unpublished per curiam).

In 2010, Grant petitioned this court to reinvest jurisdiction in the trial court so

that he could proceed with a petition for writ of error coram nobis. The petition was denied. *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 894 (per curiam). In 2014, Grant filed a second such petition, which was also denied. *Grant v. State*, 2014 Ark. 466, 2014 WL 5784447 (per curiam). On February 26, 2015, Grant filed his third coram-nobis petition, which was denied. *Grant v. State*, 2015 Ark. 159, 2015 WL 3548784 (per $|_2$curiam).

Now before us is Grant's fourth petition, filed July 10, 2015, in which he requests that jurisdiction be reinvested in the trial court to consider a petition for writ of error coram nobis. Grant also requests that he be provided a copy of the petition at public expense pursuant to the Freedom of Information Act.

The request for a copy of the petition at public expense is denied. Grant has not stated any ground for the request, and the Freedom of Information Act, codified at Arkansas Code Annotated sections 25–19–101 to –110 (Repl. 2014), does not require a court to provide photocopying at public expense. *See Hill v. State*, 2013 Ark. 413, 2013 WL 5596274 (per curiam). Upon receipt of the fee required by this court for photocopies, a copy of the petition will be mailed to Grant.

■ With respect to this latest petition to reinvest jurisdiction in the trial court, the petition for leave to proceed is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

■ $|_3$The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

■ As grounds for reinvesting jurisdiction in the trial court, Grant alleges that the trial court should have granted a pretrial motion for impeaching evidence that was filed by the defense. Grant further argues that the trial court abused its discretion in admitting certain testimony and that the prosecution failed to meet its discovery obligation. The allegations, all of which concern the conduct of the trial court and all of which could have been settled at trial, are not grounds for the writ. Claims, which by their very nature constitute issues known at the time of trial, that were addressed or could have been addressed at that time are not within the purview of the writ. *Smith v. State*, 2015 Ark. 188, at 6, 461 S.W.3d 345, 350 (per curiam). This applies even to issues of trial error of constitutional dimension that could have been raised in the trial court.

*Travis v. State,* 2014 Ark. 82, 2014 WL 689056 (per curiam).

Grant's next claims for relief concern a dying declaration made by the victim to a police officer who arrived at the crime scene shortly after the victim was shot. The officer, Captain David Lovell, testified at Grant's trial that the victim said to him, "Abraham Grant shot me, and he ran out the back door." At trial, Grant's attorney argued that the statement did not constitute a dying declaration and should not be considered as such. The trial court held that the statement ₄would be admitted into evidence as a dying declaration under the facts of the case, and this court upheld that ruling on direct appeal. *Grant,* 357 Ark. at 94, 161 S.W.3d at 787.

▮ Grant alleges in his petition that the victim did not make a dying declaration to Officer Lovell. Grant's argument is unclear, but it appears that he is to some degree contending that the trial court erred in its ruling concerning whether the victim's statement was a dying declaration. If so, the issue has already been addressed at trial and on appeal, and a petitioner in a coram-nobis proceeding is not entitled to reargue questions raised at trial or on direct appeal. *Ventress v. State,* 2015 Ark. 181, 461 S.W.3d 313 (per curiam).

With respect to the dying declaration, Grant also contends that there was an investigative report prepared by the police that was withheld from the defense prior to trial and which would have revealed to whom the victim's dying declaration was actually given. It appears that Grant is alleging that a different police officer was the "officer of the dying declaration." Grant asserts that the other officer made a deal with the prosecution to not disclose the officer's identity, thus denying Grant the right to confront the officer, who was his primary accuser.

▮ If the issue was intended by Grant to be a claim that the State withheld exculpatory evidence, it may be a claim cognizable as a ground for a writ of error coram nobis. The wrongful withholding of exculpatory evidence by the State is a violation of the holding in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See Barker v. State,* 2010 Ark. 354, 373 S.W.3d 865. A *Brady* violation is established by a showing that the State withheld evidence that was favorable to the accused, either because it is exculpatory, or because it is impeaching; the evidence must have been suppressed by the State, either willfully or inadvertently; prejudice must have ensued. *Isom v. State,* 2015 Ark. 225, at 2, 462 S.W.3d 662, 663. To prevail, the petitioner must establish that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would be different. *Strickler v. Greene,* 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); *Smith v. State,* 2012 Ark. 403, at 4, 2012 WL 5304089 (per curiam).

▮ Grant has not established a *Brady* violation because he has provided no factual support for the claim that the investigative report was withheld from the defense. It is axiomatic that the mere allegation that a constitutional right has been invaded will not suffice. The application should make a full disclosure of specific facts relied upon and not merely state conclusions as to the nature of such facts. *Cloird v. State,* 357 Ark. 446, 450, 182 S.W.3d 477, 479 (2004). Grant's argument that the report was withheld or that the State failed to meet its discovery obligation by not releasing the report to the defense is devoid of factual support. When raising a claim concerning a discovery violation, whether on direct appeal or in a coram-nobis proceeding, the burden is on the

party raising the claim to prove that the discovery violation was sufficient to undermine the confidence in the outcome of the trial. *See Lacy v. State*, 2010 Ark. 388, at 25, 377 S.W.3d 227, 242. Grant has not met that burden.

Moreover, we find that Grant's assertion concerning the investigative report is an abuse of the writ because he has already raised essentially the same claim in an earlier petition; accordingly his petition is subject to dismissal on that basis. *See Jackson v. State*, 2009 Ark. 572, 2009 WL 3788895 (per curiam). In his first coram-nobis petition filed in this court in 2010, Grant complained that the investigative report was not utilized at his trial to demonstrate that the police officer who testified about hearing the dying declaration was not the officer who actually spoke with the victim. Grant does not allege that he has obtained any new information concerning the report since he filed his first coram-nobis petition, and he offers no explanation for his failure to raise any claim he desired to raise concerning the report in the original petition. Grant has alleged no fact sufficient to distinguish his claims in the instant petition from the claims in the first petition, and his reassertion of largely the same claims is a misuse of the remedy. *See Jackson*, 2009 Ark. 572, 2009 WL 3788895; *see also United States v. Camacho–Bordes*, 94 F.3d 1168 (8th Cir. 1996) (res judicata did not apply to bar a second petition for writ of error coram nobis, but abuse-of-writ doctrine was applied to subsume res judicata). In *Rodgers v. State*, 2013 Ark. 294, 2013 WL 3322344 (per curiam), we noted that a court has the discretion to determine whether the renewal of a petitioner's application for the writ, when there are additional facts presented in support of the same grounds, will be permitted. Here, there are no additional facts to distinguish this latest petition from the first. Grant has raised no cognizable

ground for the writ in any of his four petitions. More importantly, he has reiterated in this latest petition a claim already addressed by this court when his first petition was denied. Due process does not require this court to entertain an unlimited number of petitions to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in a particular case.

Petition dismissed; request for copy of petition at public expense denied.