SLIP OPINION

Cite as 2015 Ark. 371

# SUPREME COURT OF ARKANSAS

No. CR-93-1127

| | | |
|---|---|---|
| TERRY SWANIGAN | | Opinion Delivered October 8, 2015 |
| | PETITIONER | |
| | | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION FOR PRODUCTION OF DOCUMENTS [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-92-3131] |
| V. | | |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | PETITION AND MOTION DENIED. |

## PER CURIAM

Petitioner Terry Swanigan was charged with capital murder in the 1992 shooting death of Lewis Allen. The evidence at trial reflected that Swanigan had confronted Allen inside a shop and pointed a gun at Allen's face. Swanigan and Allen struggled for possession of the gun, Allen fell backwards during the struggle, and Swanigan fired the gun three times. One of the shots struck Allen, who ran outside, collapsed, and later died. In 1993, Swanigan was tried before a jury and found guilty of murder in the first degree. He was sentenced to life imprisonment. We affirmed. *Swanigan v. State*, 316 Ark. 16, 870 S.W.2d 712 (1994).

In 2002, Swanigan filed in this court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. We denied the petition because it did not establish a ground for the writ. *Swanigan v. State*, CR-93-1127 (Ark. Sept. 12, 2002) (unpublished per curiam).

Now before us is Swanigan's second pro se coram-nobis petition and his motion for

SLIP OPINION

production of documents. The motion pertains to documents that Swanigan wishes to obtain to bolster the claims in the petition.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

In his petition, Swanigan contends that a writ of error coram nobis should be issued on the grounds that the prosecution in his case violated *Brady v. Maryland*, 373 U.S. 83 (1963), and

SLIP OPINION

because the State used "false testimony" to obtain the conviction. We address the *Brady* claim first.

A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see also Howard*, 2012 Ark. 177, 403 S.W.3d 38. Impeachment evidence that is material, as well as exculpatory evidence, falls within the *Brady* rule. *Bagley*, 473 U.S. 667.

To determine whether the proposed attack on the judgment is meritorious so as to warrant the granting of permission to reinvest jurisdiction in the trial court to pursue a writ of error coram nobis, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth to those claims. *Isom*, 2015 Ark. 225, 462 S.W.3d 662. Swanigan bases his *Brady* claim on the assertion that the State did not reveal that, after the victim Allen had been shot, Swanigan went across the street and called 911 and asked for "help for someone he had just shot." He contends that, if the police investigators' notes concerning

SLIP OPINION

the 911 call and the recording of the 911 call had been made available to the defense, the outcome of the trial would have been different because the notes and the tape would have shown that helping the victim was more important to Swanigan than fleeing.

The claim fails to state a ground for the writ. Clearly, Swanigan would have known at the time of trial that he had made a 911 call after the shooting. The defense could have subpoenaed any tape that was made of that call and could have sought in discovery any investigators' notes that pertained to the call. Swanigan has offered nothing to demonstrate that there was such a call or, if the call was made, that the State in any manner hid the call or the notes from the defense.

The petitioner seeking to reinvest jurisdiction in the trial court to proceed with a coram-nobis petition bears the burden of presenting facts to support the claims for the writ because an application for the writ must make a full disclosure of specific facts relied upon and not merely state conclusions as to the nature of such facts. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. A bare allegation that a constitutional right has been invaded will not suffice. *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004). As Swanigan's allegation of a *Brady* violation is devoid of any facts from which it could be determined that the writ is warranted, there is no ground on which to grant the relief sought. *See Howard*, 2012 Ark. 177, 403 S.W.3d 38. Swanigan has fallen short of showing that there was some material evidence withheld that would have prevented rendition of the judgment had it been known at the time of trial. *See Isom*, 2015 Ark. 225, 462 S.W.3d 662.

Swanigan's second claim for relief pertains to the testimony of witness Timothy Henderson. Swanigan alleges that Henderson gave false testimony when he testified that he

never saw Lewis Allen with a gun. He recounts that other witnesses said that they did see Allen with a gun and points out that those witnesses also gave other testimony that contradicted Henderson's account of the shooting. Swanigan has appended to his coram-nobis petition an affidavit signed by Henderson in which Henderson avers that he saw both Allen and Swanigan with a gun and that the struggle was over both guns. Henderson states that, while he did see Swanigan shoot Allen, he was untruthful when he said that he saw Swanigan push Allen down before he shot him. Henderson attributes his misstatement of the events at trial to his being angry with Swanigan at the time he testified.

As with the prior claim, Swanigan has not stated a ground for the writ. We have held that a writ of error coram nobis will not lie for recanted testimony. *Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990) (A witness's recantation of part of his trial testimony was not a ground for the writ as recantation of testimony did not fit within the remedy.); *Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940) ("[A] new trial may not be granted by employment of the writ merely because of the development after the trial of the utter unreliability of the state's witness so that grave doubts of guilt appear."); *Bass v. State* , 191 Ark. 860, 88 S.W.2d 74 (1935) (Alleged false testimony at trial is not a ground for the writ.); *see also McArthur v. State*, 2014 Ark. 367, at 5, 439 S.W.3d 681, 684 (*cert. denied*, 135 S. Ct. 1432 (2015). Even in cases when the victim has issued a sworn statement recanting his or her testimony, the victim's statement does not warrant issuance of the writ. *See Riley v. State*, 2015 Ark. 232, at 2–3 (per curiam). Direct attacks on the credibility of witnesses are properly made at trial. *See id*. at 3. The presentation of evidence that attacks the credibility of a witness at trial, like the recantation of testimony, constitutes a direct

SLIP OPINION

attack on the judgment. *Id.*; *see Malone v. State*, 294 Ark. 127, 741 S.W.2d 246 (1987).

With respect to the motion for production of documents that Swanigan has filed in this proceeding, Swanigan seeks a copy of all statements given by witnesses to the events on the day of the shooting and a copy of the records from the day of the shooting of all calls made from the pay telephone near the store. The motion is denied. There is no procedural precedent to permit a petitioner to file a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis and then ask this court to assist him in collecting factual support for the petition.

Petition and motion denied.