

## SUPREME COURT OF ARKANSAS.

No. CR-93-1127

| | |
|---|---|
| TERRY SWANIGAN **PETITIONER** | **Opinion Delivered** March 10, 2016 |
| V. | PRO SE THIRD PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-92-3131] |
| **RESPONDENT** | |
| | PETITION DISMISSED. |

**PER CURIAM**

Petitioner Terry Swanigan was charged with capital murder in the 1992 shooting death of Lewis Allen. The evidence at trial reflected that Swanigan had confronted Allen inside a shop and pointed a gun at Allen's face. Swanigan and Allen struggled for possession of the gun, Allen fell backwards during the struggle, and Swanigan fired the gun three times. One of the shots struck Allen, who ran outside, collapsed, and later died. In 1993, Swanigan was tried before a jury and found guilty of murder in the first degree. He was sentenced to life imprisonment. We affirmed. *Swanigan v. State*, 316 Ark. 16, 870 S.W.2d 712 (1994).

In 2002, Swanigan filed in this court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis

is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

We denied Swanigan's petition because it did not establish a ground for the writ. *Swanigan v. State*, CR-93-1127 (Ark. Sept. 12, 2002) (unpublished per curiam). In 2015, Swanigan filed a second coram-nobis petition here. In the petition, he alleged that a writ of error coram nobis should be issued on the grounds that the prosecution in his case violated *Brady v. Maryland*, 373 U.S. 83 (1963), and because the State used "false testimony" to obtain the conviction. The second petition was also denied. *Swanigan v. State*, 2015 Ark. 371 (per curiam).

On February 9, 2016, Swanigan filed a third coram-nobis petition, which is now before us. In the petition, Swanigan reiterates the claims raised in the second petition that this court denied in 2015.

We find that the instant petition is an abuse of the writ because Swanigan has already raised essentially the same claims in his second petition; accordingly this third petition is subject to dismissal on that basis. *Grant v. State*, 2015 Ark. 323, at 5–6, 469 S.W.3d 356, 360 (per curiam); *see also Jackson v. State,* 2009 Ark. 572 (per curiam). Swanigan does not allege that he has obtained any new information concerning the allegations since he filed his second coram–nobis petition, and he offers no explanation for his failure to raise any claim he desired to raise concerning the allegations in the second petition. Because Swanigan has alleged no fact sufficient to distinguish his claims in the instant petition from the claims in the second petition, his reassertion of largely the same claims is a misuse of the remedy. *See Jackson,* 2009 Ark. 572; *see also United States v. Camacho–Bordes,* 94 F.3d 1168 (8th Cir. 1996) (res judicata did not apply to bar a second petition for writ of error coram nobis, but abuse-of-writ doctrine was applied to subsume res judicata).

In *Rodgers v. State,* 2013 Ark. 294 (per curiam), we noted that a court has the discretion to determine whether the renewal of a petitioner's application for the writ, when there are additional facts presented in support of the same grounds, will be permitted. As stated, there are no additional facts to distinguish this latest petition from the second petition filed by Swanigan. Swanigan has raised no cognizable ground for the writ in any of his three petitions. More importantly, he has reiterated in this latest petition claims already addressed by this court. Due process does not require this court to entertain an unlimited

number of petitions to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in a particular case. *Grant*, 2015 Ark. 323, at 5–6, 469 S.W.3d 356, 360.

Petition dismissed.