

# SUPREME COURT OF ARKANSAS.
### No. CR-03-1127

| | |
|---|---|
| ANARIAN CHAD JACKSON | **Opinion Delivered** July 21, 2016 |
| APPELLANT | PRO SE FOURTH PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| V. | [PULASKI COUNTY CIRCUIT COURT NO. 60CR-01-4006] |
| STATE OF ARKANSAS | |
| APPELLEE | <u>PETITION DISMISSED</u>. |

**PER CURIAM**

Petitioner Anarian Chad Jackson was found guilty, after a jury trial, of second-degree murder, for which he was sentenced to eighty years' imprisonment. Jackson's conviction and sentence were affirmed on appeal. *Jackson v. State*, CR-03-1127 (Ark. App. Dec. 1, 2004) (unpublished) (original docket no. CACR 03-1127). On May 10, 2016, Jackson filed this, his fourth petition requesting this court to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1]

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The

---

[1]For clerical purposes, the motion was assigned the same docket number as the direct appeal.

SLIP OPINION

petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

Jackson seeks leave to proceed in the trial court for a writ of error coram nobis, claiming that there is newly discovered evidence that the prosecution wrongfully withheld evidence about a deal that was made between the prosecution and the State's witness, Ammar Mahdi, in exchange for Mahdi's testimony at Jackson's trial. Jackson contends he was unaware at the time of trial that Mahdi's statements that he received no "help from the State in his sentencing proceeding was demonstrably untrue and the State knew it was untrue." He further contends that he received this information in an affidavit from Mahdi

"less than twelve months before he filed [t]his petition." Notwithstanding his contention to the contrary, Jackson also states that on the day of trial his defense counsel was made aware of a transcript from Mahdi's sentencing proceeding that had not previously been provided to his counsel.

Jackson has raised this claim in three previous petitions requesting this court to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[2] In *Jackson v. State,* CR 03–1127 (Ark. Dec. 11, 2008) (unpublished per curiam) (original docket no. CACR 03-1127), Jackson alleged, as he does now, that evidence was withheld by the prosecutor regarding Mahdi's sentencing, which violated his right to due process as guaranteed by *Brady v. Maryland*, 373 U.S. 83 (1963). This court noted that Jackson failed to demonstrate due diligence in seeking error coram nobis relief because he was aware of the facts concerning Mahdi at his trial.[3] This court concluded that the court of appeals decision on direct appeal noted that Jackson was in possession of a copy of the transcript from Mr. Mahdi's sentencing hearing during the trial and that Jackson was aware of the

---

[2]Jackson sought the same relief, coram–nobis relief, because he claimed he was unable to adequately impeach Mahdi's and another witness's testimony at trial because evidence was withheld regarding Mahdi's sentencing and a deal made in exchange for Mahdi's testimony. Jackson's third petition seeking coram-nobis relief was denied by syllabus entry on April 21, 2011.

[3]While there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief and in the absence of a valid excuse for delay, the petition will be denied. *Echols v. State*, 360 Ark. 332, 201 S.W.3d 890 (2005). Due diligence requires satisfaction of certain conditions, as follows: (1) that the defendant be unaware of the fact at the time of trial; (2) that the defendant could not have, in the exercise of due diligence, presented the fact at trial; (3) that upon discovering the fact, the defendant did not delay bringing the petition. *Id.*

alleged fundamental error of fact at that time and had an opportunity to seek correction of the error more than five years previously.[4]  In *Jackson v. State*, 2009 Ark. 572, at 1–2 (per curiam), this court again addressed the same claim regarding assertions that the prosecution withheld evidence concerning information about deals made with two witnesses, including Mahdi.  This court held that Jackson's "successive application for coram nobis relief in this court [wa]s an abuse of the writ.  [Jackson] alleges few, if any new facts, and he does not allege any fact sufficient to distinguish his latest claims.  The issues are the same." *Jackson*, 2009 Ark. 572, at 2.

In this present petition, Jackson again fails to allege any fact sufficient to distinguish his claim from his three prior attempts to seek coram nobis relief.  Although he submits a 2013 affidavit signed by Mahdi as "new evidence," Jackson still offers only conclusory statements maintaining that information was withheld and fails to state any facts in support of his contention that the State did withhold evidence concerning the existence of an alleged agreement with the witness, Mahdi.  Clearly, contrary to Jackson's claim that he was unaware of any agreement made with, or leniency given to, Mahdi in exchange for Mahdi's testimony against Jackson, Jackson was aware of Mahdi's sentencing at the time of his trial.

---

[4]In his direct appeal, Jackson argued that the trial court erred when it refused to allow him to put on an impeachment witness, the prosecutor, whose testimony would have contradicted Mahdi's testimony that he received no help from the State in his sentencing. *Jackson*, CR-03-1127, slip op. at 4–5.  The court of appeals found that the trial court offered Jackson the opportunity to recall Mahdi for a second cross-examination, which was refused, and that Jackson was in possession of a copy of the transcript from Mahdi's sentencing hearing and chose only to proffer the transcript in lieu of offering the transcript into evidence, which resulted in the matter not going before the jury. *Id.*

SLIP OPINION

As noted in the previous opinions, the writ is appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown. *Jackson*, 2009 Ark. 572, at 6 (citing *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997)).

After examining the claims raised in this fourth petition, we conclude that Jackson's successive application for coram-nobis relief in this court is an abuse of the writ in that he alleges no fact sufficient to distinguish his claims in the instant petition from the claims raised in his previous petitions. Jackson did not establish in his three prior petitions that there was any basis for the writ, and his reassertion of largely the same claims in the fourth petition is a misuse of the remedy. *See Smith v. State*, 2015 Ark. 188, 461 S.W.3d 345 (per curiam). Accordingly, the petition is dismissed. *See Rodgers v. State*, 2013 Ark. 294, at 3–4 (per curiam) ("[A] court has the discretion to determine whether the renewal of a petitioner's application for the writ, when there are additional facts presented in support of the same grounds, will be permitted."). Due process does not require this court to entertain an unlimited number of petitions to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in a particular case. *Swanigan v. State*, 2016 Ark. 109 (per curiam).

Petition dismissed.