For his remaining point of appeal, Harrell contends the State did not properly authenticate the fingerprint evidence and because of that failure, the trial court abused its discretion in allowing the evidence at trial. We disagree.
Harrell argues that the State used AFIS prints in order to identify Harrell and had nobody to testify regarding the taking of the AFIS prints; that Ms. Kinkaid testified about prints she herself did not take; that she could not authenticate the evidence about which she testified; and that the trial court abused its discretion in admitting the fingerprints into evidence.
The decision to admit or exclude evidence is within the sound discretion of the trial court, and that decision will not be reversed absent a manifest abuse of discretion. Settles v. State , 2011 Ark. App. 241, 2011 WL 1166851. An abuse of discretion is a high threshold; it does not simply require error in the trial court's decision, but requires that the trial court acted improvidently, thoughtlessly, or without due consideration. Id. We find no abuse of discretion by the trial court in allowing the challenged fingerprint evidence.
We begin our discussion of this issue by noting that, contrary to Harrell's argument, Sergeant Ronald McDermott testified he took the fingerprints that were stored in AFIS and used to identify Harrell; he was specifically able to identify the AFIS prints as the ones he had taken from Harrell because they contained information identifying both Harrell and him; the fingerprint evidence taken from Birmingham's truck was subsequently compared to the AFIS prints; and the prints were identified as belonging to Harrell.
In addition, Rachel Carver processed Birmingham's truck and took the prints that were then examined by Kinkaid. Kinkaid analyzed the truck prints and compared them to Harrell's AFIS prints, and she confirmed they were the same.
The trial court heard extensive testimony from Kinkaid about the process of fingerprint *249 identification and the reliability of the AFIS; Kinkaid was knowledgeable regarding the process and procedures of both the Little Rock Police Department (LRPD) and the Arkansas State Crime Lab; after hearing her testimony, the trial court concluded the fingerprint identification evidence could be presented to the jury because Kinkaid had followed standard operating procedures, and any issue about whether the AFIS print was, in fact, Harrell's print card, was one that could be developed and addressed in cross-examination.
Rule 901(a) of the Arkansas Rules of Evidence provides:
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
Here, the trial court took great care to question the witnesses and allow arguments from the State and defense counsel. There was no basis upon which to conclude that the challenged fingerprint evidence was anything other than what its proponents claimed it to be. We find no abuse of discretion by the trial court in allowing this fingerprint evidence.
Affirmed.
Virden and Brown, JJ., agree.