SHAWN A. WOMACK, Associate Justice *465 A jury convicted Terrell Antonio Harrell of second-degree battery, aggravated robbery, kidnapping, theft of property, fraudulent use of a credit or debit card, and residential burglary. He was sentenced to an aggregate 360 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. Harrell v. State , 2018 Ark. App. 6, 538 S.W.3d 244. Harrell now brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. He contends there was "no recognition of petitioner at the time of this incident"; that his fingerprints were not authenticated through the Automated Fingerprint Identification System (AFIS); that there were Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), violations; and that the witnesses' testimony and evidence, including videotape evidence, were conflicting and failed to connect him to the offenses.[1] Because Harrell fails to demonstrate a Brady violation or to otherwise establish a basis for coram nobis relief, we deny the petition to reinvest jurisdiction in the trial court.
The circuit court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this Court grants permission. Martinez-Marmol v. State , 2018 Ark. 145, 544 S.W.3d 49. A writ of error coram nobis is an extraordinarily rare remedy. State v. Larimore , 341 Ark. 397, 406, 17 S.W.3d 87, 92 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Green v. State , 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Carner v. State , 2018 Ark. 20, 535 S.W.3d 634. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771.
The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available to address certain errors found in one of four categories: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; or (4) a third-party confession to the crime during the time between conviction and appeal. Howard v. State , 2012 Ark. 177, at 5, 403 S.W.3d 38, 43. A court is not required to accept the allegations in a petition for writ of error coram nobis at face value. Jackson v. State , 2017 Ark. 195, 520 S.W.3d 242.
Harrell alleges one cognizable coram nobis claim, arguing a Brady violation in which he claims there was "concealment [and] destroying of evidence that was favorable to the defense." There are three elements of a Brady violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. Jackson v. State , 2018 Ark. 227, 549 S.W.3d 356. When determining whether a Brady violation has occurred, the petitioner must first establish that the material was available to the State prior to trial and that the defense did not have it. Id. Harrell's claim of a Brady violation is made without any factual support and cannot be a ground for the writ. Carner , 2018 Ark. 20, 535 S.W.3d 634.
Petition denied.
Although Harrell titled his petition as one to "recall the mandate to reinvest jurisdiction to the circuit court to file a petition for writ of mandamus, etc.[,]" motions to recall the mandate are applicable to redress errors in the appellate process-meaning an error that this Court made or overlooked while reviewing a case where the death penalty was imposed. See Ward v. State , 2015 Ark. 61, 455 S.W.3d 818. The death penalty was not imposed in Harrell's case, and the allegations contained in his petition indicate he is seeking to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.