Cite as 2019 Ark. 294

# SUPREME COURT OF ARKANSAS

No. CR-93-1127

| | |
|---|---|
| TERRY SWANIGAN<br>　　　　　　　　　　PETITIONER | **Opinion Delivered** October 24, 2019 |
| V. | |
| STATE OF ARKANSAS<br>　　　　　　　　RESPONDENT | PRO SE FOURTH PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; MOTION TO SUPPLEMENT THE PRO SE PETITION [PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION, NO. 60CR-92-3131]<br><br>PETITION DENIED; MOTION MOOT. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Terry Swanigan was charged with capital murder in the 1992 shooting death of Lewis Allen. The evidence at trial reflected that Swanigan had confronted Allen inside a shop and pointed a gun at Allen's face. As Swanigan and Allen struggled for possession of the gun, Allen fell backward, and Swanigan fired the gun three times. Allen was struck by one of the bullets, after which he ran outside, collapsed, and died. A Pulaski County Circuit Court jury found Swanigan guilty of murder in the first degree, for which he was sentenced to life imprisonment. We affirmed. *Swanigan v. State*, 316 Ark. 16, 870 S.W.2d 712 (1994).

In 2002, Swanigan filed in this court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The trial court cannot

entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this court grants permission. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. A writ of error coram nobis is an extraordinarily rare remedy. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Carner*, 2018 Ark. 20, 535 S.W.3d 634. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Martinez-Marmol*, 2018 Ark. 145, 544 S.W.3d 49. A court is not required to accept the allegations in a petition for writ of error coram nobis at face value. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

We denied Swanigan's petition because it did not establish a ground for the writ. *Swanigan v. State*, CR-93-1127 (Ark. Sept. 12, 2002) (unpublished per curiam). In 2015,

2

Swanigan filed a second coram nobis petition in this court. In the petition, he alleged that a writ of error coram nobis should be issued on the grounds that the prosecution in his case violated *Brady v. Maryland*, 373 U.S. 83 (1963), and because the State used "false testimony" to obtain the conviction. The second petition was also denied. *Swanigan v. State*, 2015 Ark. 371 (per curiam). In 2016, Swanigan filed a third coram nobis petition in which he reiterated the claims raised in the second petition that this court denied in 2015.[1] We dismissed the petition as an abuse of the writ because there were no additional facts to distinguish the third petition from the second petition, and Swanigan had raised no cognizable ground for the writ in any of his three petitions. *Swanigan v. State*, 2016 Ark. 109, 485 S.W.3d 695 (per curiam).

Now before this court is Swanigan's pro se fourth petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Swanigan contends (1) that there is newly discovered evidence and that he is entitled to an evidentiary hearing; (2) that the prosecutor or a detective coerced a witness, Cody Nelson, to falsely testify so Nelson's testimony would match that of another witness, Henderson; and (3) that although

---

[1]Swanigan alleged *Brady* violations in which he contended that (1) the 911 call that he made after the shooting and the contents of that call were of the utmost importance because it indicated getting help was more important to him than flight, thereby diminishing premeditation and deliberation as a requisite mental state; (2) there were no copies of the detectives' notes or records from the 911 call in the record or evidence that the defense received them; (3) prejudice resulted when Timothy Henderson, a witness, gave testimony that "leaned toward premeditation and premeditation" and that Henderson's trial testimony was false and known to be false by the State, particularly in light of Cody Nelson's statements.

witnesses testified to various facts about the shooting, including the number of shots fired, the distance of the shooting, and the description of the gun, there is evidence to dispute the witnesses' testimony. Because Swanigan has raised some of the allegations before and because he fails to establish a ground for the writ to issue, the petition is denied. Swanigan's motion to supplement the pro se fourth petition to reinvest jurisdiction before the court is moot because it fails to establish a claim for coram nobis relief.

Swanigan makes a generalized claim of a *Brady* violation, while contending that Nelson was coerced to testify falsely to "corroborate Henderson's untrue statement" because capital murder and first-degree murder overlap and "both carry premeditation as an essential element that must be proven in order to find guilt." There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Harrell v. State*, 2019 Ark. 120, 570 S.W.3d 463. The claims that the State used Henderson's false testimony to obtain a conviction and the claim of a *Brady* violation have been raised in both his second and third coram nobis petitions.[2] *See Swanigan*, 2016 Ark. 109, 485 S.W.3d 695; *Swanigan*, 2015 Ark. 371. Because Swanigan has alleged no fact sufficient to distinguish his claims in the instant petition from the claims in the second or

---

[2]Although Swanigan now argues that Nelson was coerced to testify, he made specific references to the contrast in testimony between Nelson and Henderson in his third petition.

third petition, his reassertion of largely the same claims is a misuse of the remedy; accordingly, this court will not address those issues again. *Smith v. State*, 2018 Ark. 396, 562 S.W.3d 211.

To the extent that Swanigan has raised a new claim regarding Nelson's coerced testimony, it fails.[3] Swanigan offers no further evidence to support his claim that Nelson's testimony was coerced by the State, and the lack of factual support for a claim in a coram nobis petition is itself cause to deny the writ.[4] Although Swanigan couches his claim concerning Nelson's allegedly coerced testimony as a *Brady* violation rather than as a claim of recanted testimony, neither claim—recanted testimony or *Brady* violation—affords Swanigan relief. If Swanigan's claim is an attempt to provide evidence that Nelson recanted his trial testimony, it is well settled that a claim of recanted testimony, standing alone, is not cognizable in a coram nobis proceeding. *Foreman v. State*, 2018 Ark. 330; *Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940) (holding that the writ was not

---

[3]Swanigan did not claim that he entered a coerced guilty plea, which is an allegation that could have provided a basis for coram nobis relief. Instead, Swanigan claimed that Nelson's testimony was coerced. *See Jones v. State*, 2019 Ark. 272; *Jackson v. State*, 2018 Ark. 227, 549 S.W.3d 359.

[4]Swanigan attached a CD as an exhibit to his petition, contending it is a recording of a phone call between his mother and Nelson; however, the CD is blank. Swanigan subsequently filed a motion to supplement the coram nobis petition in which Swanigan asks to supplement the coram nobis petition with an additional CD with unsworn statements that Swanigan contends contain purported claims from Nelson that Nelson's trial testimony was coerced, and that Nelson recanted his trial testimony. However, the statements on the additional CD are not as Swanigan describes them to be, and his claim for coram nobis relief fails.

available to afford relief on the ground that the principal witness against the accused had recanted and that others since the accused's conviction had confessed to the crime); *see also Swanigan*, 2015 Ark. 371. A court considering a claim of a *Brady* violation in a coram nobis petition is not required to take a petitioner's allegations at face value without substantiation—which Swanigan fails to provide. *Thacker v. State*, 2016 Ark. 350, 500 S.W.3d 736; *see Jackson*, 2017 Ark. 195, 520 S.W.3d 242.

Moreover, Swanigan does not establish the existence of facts that could not have been discovered at the time of trial. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867. The nature and extent of Nelson's testimony was well known at trial and was even argued by Swanigan in his pro se third petition before this court; as such, Swanigan has failed to establish he is entitled to coram nobis relief. *See Carner*, 2018 Ark. 20, 535 S.W.3d 634.

Swanigan, however, clearly raises for the first time a *Brady* violation involving a "State Crime Laboratory Evidence Submission Form," which he indicates is a "State Crime Laboratory Report."[5] Although he indicates this submission report was withheld, it simply is not exculpatory because it is merely a form from the state crime lab indicating the type of evidence collected and the nature of the requested analysis for the evidence. It does not indicate any test results and provides no information that is either favorable or unfavorable

---

[5]The exhibit that Swanigan attached as new evidence is a "State Crime Laboratory Evidence Submission Form"—not a "State Crime Laboratory Analysis Report"—indicating that a blue sweatshirt was to be analyzed for "distance muzzle to shirt."

to Swanigan. *See Harrell*, 2019 Ark. 120, 570 S.W.3d 463. Swanigan has not shown that the State withheld exculpatory evidence from the defense in violation of *Brady*.

The remainder of his allegations referencing the witness testimony at trial with respect to the number of gunshots heard, whether Swanigan was seen stepping away from the victim's body, and whether the victim was seen with a gun, are nothing more than assertions that the evidence was insufficient to sustain the judgment and do not state a basis for coram nobis relief. Claims that attack the sufficiency of the evidence or the credibility of witnesses constitute a direct attack on the judgment and are not within the purview of a coram nobis proceeding. *Grady v. State*, 2017 Ark. 245, 525 S.W.3d 1. Allegations that the evidence presented at trial was not sufficient to support a finding of the defendant's guilt are to be addressed at trial and, when appropriate, on the record on direct appeal. *Hall v. State*, 2018 Ark. 377, 562 S.W.3d 829. Swanigan does not establish the existence of facts that could not have been discovered at the time of trial. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771

Petition denied; motion moot.

*Terry Swanigan*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for respondent.

7