Cite as 2021 Ark. 159

# SUPREME COURT OF ARKANSAS
**No.** CR–00–1258

| | |
|---|---|
| | **Opinion Delivered:** September 16, 2021 |
| WARDELL GREEN | |
| PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR A WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION, NO. 60CR–98–3799] |
| V. | |
| STATE OF ARKANSAS | |
| RESPONDENT | |
| | PETITION DENIED. |

**SHAWN A. WOMACK, Associate Justice**

Wardell Green brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. In his petition, Green challenges the testimony corroborating his part in the crime. Because Green fails to raise a cognizable claim for issuance of the writ, the petition is denied.

## I. *Background*

A Pulaski County jury found Green guilty of aggravated robbery and theft of property and sentenced him to serve fifty years in prison as a habitual offender. The Arkansas Court of Appeals affirmed the conviction finding that it was supported by sufficient evidence. *Green v. State*, No. CACR–00–1258 (Ark. App. June 6, 2001) (unpublished). The conviction arose when Green and an accomplice, Joshua Miles, and another alleged

accomplice[1] robbed the victim, Shane Connerly, at gunpoint. *Id.* At trial, Connerly identified Green as one of the perpetrators, and Miles testified that he and Green had participated in the robbery. *Id.*

## II. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a

---

[1]According to Green's petition, the other alleged accomplice was never charged in the robbery because the victim failed to identify him as one of the robbery's participants.

third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

### III. *Claims for Relief*

Green contends that the testimony of his accomplice, Miles, that connected Green to the gun used in the robbery was not corroborated by Connerly's testimony. According to Green, Connerly failed to confirm that Green had provided the gun. Despite Green's contention pertaining to who provided the gun, it is clear that Connerly identified Green as one of the assailants and therefore corroborated Miles's testimony identifying Green as a participant in the crime and connecting Green to it. *See Meadows v. State*, 2012 Ark. 57, 386 S.W.3d 470 (Corroboration must be evidence of a substantive nature, since it must be directed toward proving the accused's connection with the crime, and not directed toward corroborating the accomplice's testimony.).

In any event, Green has failed to raise a claim that is found in one of the four categories that fall within the purview of coram nobis relief. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. Green's claim challenges the sufficiency of the evidence supporting his conviction for aggravated robbery, and claims that attack the sufficiency of the evidence or the credibility of witnesses constitute a direct attack on the judgment and are not within the purview of a coram nobis proceeding. *Swanigan v. State*, 2019 Ark. 294, 586 S.W.3d 137.

Petition denied.

*Wardell Green*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for respondent.